IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Robin and Debra Trimble,**

        **Plaintiffs,**

**v.**

**Wells Fargo Bank, N.A., et al.,**

        **Defendants.**

**Case No. 2:14-CV-2648**

**Judge Graham**

**Magistrate Judge King**

## OPINION AND ORDER

### I.    Background

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss for Failure to State a Claim. *See* Fed. R. Civ. P. 12(b)(6); (Doc. 15). Wells Fargo seeks dismissal of all six of Robin and Debra Trimble's claims. The Trimbles concede that three out of the six claims should be dismissed, including one claim under federal law. The Court will dismiss the Trimbles' federal-law claim. This now-dismissed claim formed the basis of the Court's subject-matter jurisdiction. Now, the Court analyzes whether it should continue to exercise supplemental jurisdiction over the remaining state-law claims.

### II.    Discussion

In their Amended Complaint, the Trimbles alleged a variety of claims against a variety of defendants. After two sets of voluntary dismissals, only Wells Fargo remains as a defendant. Wells Fargo moves to dismiss the Trimbles' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss, doc. 15). In their response to Wells Fargo's motion, the Trimbles agree that this Court should dismiss three of their six claims, including their claim for

1

violation of the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692k(d); (Pls.' Resp., p. 1, 7, doc. 17). The Trimbles state in their Amended Complaint that the Court has subject-matter jurisdiction over this case due to the federal question presented by their claim for violation of the FDCPA. (Pls.' Amended Compl., ¶ 1, doc. 10). Since the Trimbles concede that claim should be dismissed, their only remaining claims are state-law claims.

Where "the district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over related state-law claims. 28 U.S.C. § 1367(c)(3). If the federal claims are dismissed before trial, then the general rule is that the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims. *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). The Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Finally, it should be noted that diversity jurisdiction does not exist here. While it appears that the Trimbles and Wells Fargo are "citizens of different States," the Trimbles do not allege a sufficient amount in controversy to satisfy the federal courts' requirement for diversity jurisdiction. 28 U.S.C. § 1332 (amount in controversy must exceed $75,000).

### III. Conclusion

Therefore, the Court GRANTS IN PART Wells Fargo's Motion to Dismiss (doc. 15) as to the FDCPA claim. Plaintiffs' state-law claims are dismissed without prejudice.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 13, 2015